RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK_____
DATE___7-13-04___

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2004 JUL 13 P 12: 58

U.S. DISTRICT COURT
DISTRICT OF MASS

-------------------------------------------------------x

**BERNADETTE RUGGIERO,**

            **Plaintiff,**

    v.

**UNUM LIFE INSURANCE COMPANY
OF AMERICA,**

            **Defendants.**
-------------------------------------------------------x

CIVIL ACTION NO.:

# 04-11561 RCL

COMPLAINT AND
JURY DEMAND

MAGISTRATE JUDGE _Cohen_

Plaintiff, Bernadette Ruggiero, by her attorney, STEPHEN L. RAYMOND, ESQ., as and for her Complaint against the defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA (hereinafter, "UNUM"), alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of the court is based upon 29 U.S.C. §§1132(e)(1) and 1132(f) which give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee benefit plan, which for purposes of the instant case, grants to participants Long Term Disability ("LTD") Insurance benefits. UNUM insures the benefits provided through Plaintiff's employer's LTD Plan. In addition, this action may be brought before this court pursuant to 28 U.S.C. § 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

2. The LTD Plan contains provisions for administrative or internal appeal of a denial of benefits. Plaintiff has exhausted her remedies under these provisions, has received a final denial of her claim and, therefore, this matter is properly before this court for <u>de novo</u> review under *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989).

3. Plaintiff is a resident of Danville, New Hampshire.

4. Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) which allows an action under Title I of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") to be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found.

5. With respect to Plaintiff's claim, the LTD Plan was administered in, and the breach occurred in, the District of Massachusetts.

## NATURE OF ACTION

6. Plaintiff's claim seeks a declaration that Plaintiff is entitled to disability income benefits pursuant to an employee benefit plan providing for long term disability benefits, sponsored and administered by Plaintiff's employer, Thermo Electron Corporation, and insured by Defendant, UNUM, under Plan No. 351135-001. As Plaintiff's claim arises under an employee benefit plan, established and maintained by an employer for the benefit of its employees, the Employee Retirement Income Security Act of 1974 ("ERISA")(29 U.S.C. §1001 et seq.) applies to this action. Said benefits were effective at all times relevant hereto.

## THE PARTIES

7. Plaintiff is a 46 year-old woman who was born in 1957.

8. Thermo Electron Corporation Long Term Disability Plan, is an Employee Benefit Plan as defined by ERISA.

9. Defendant, UNUM, is a business entity, on information and belief, authorized to conduct the business of insurance within the Commonwealth of Massachusetts. UNUM is the

insurer of LTD benefits under the terms of an "employee benefit plan" (the "Plan") as defined by ERISA. UNUM is a fiduciary with respect to claims under the terms of the Plan. UNUM maintains offices at 14 Summer Street, Boston, Massachusetts 02110.

## STATEMENT OF FACTS

10. Prior to, and including November 2, 1998, Plaintiff was employed by Thermo Electron Corporation, as an Electrode Quality Control Supervisor.

11. For a period up to and including November 2, 1998, Plaintiff, together with other active full time employees, was covered as a participant under the Thermo Electron Corporation Long Term Disability Plan sponsored, funded, and administered by Plaintiff's employer, and insured and insured by defendant, UNUM. The Plan provides for payment of monthly income benefits to participants who become Disabled. The payments are reduced by certain specified other sources of income, including Social Security Disability benefits. Payments under the Plan begin after a claimant has satisfied the 180-day elimination period.

12. Under the LTD Plan, the monthly benefit is determined based on a set percentage of pre-disability monthly earnings, which is further adjusted over time by the lesser of 10% cost of living adjustment, or the current annual percentage increase in the Consumer Price Index..

13. The LTD Plan defines "Disability" as follows:

"Disability" and "disabled" mean that because of injury or sickness:
1. you are limited from performing the material and substantial duties of your *regular occupation*

2. you have a 20% or more loss in your *indexed monthly earnings* due to the same injury or sickness.

3. during the elimination period, you are unable to perform any of the material and substantial duties of your regular occupation.

> After 24 months of disability payments, you are disabled when you are unable to perform the duties of *any gainful occupation* for which you are reasonably fitted by education, training or experience.

14. The Plan also provides for a maximum LTD benefit period to the participant's age 65 when she becomes disabled prior to reaching age 60.

15. Plaintiff ceased work on November 2, 1998, as a result of multiple physical symptoms she experienced which prevented her from performing each of the material duties of her occupation. Plaintiff has been diagnosed with Systemic Lupus Erythematosus (SLE) and Pericarditis.

16. Subsequent to her onset of disability, Plaintiff applied for long term disability benefits under the LTD Plan by submitting a completed claim, including her Attending Physician's Statement, to Defendant, UNUM.

17. From November 2, 1998, through the present, Plaintiff has satisfied the LTD Plan's definition of disability: due to her medical condition, she has been precluded from performing each of the material duties of her occupation.

18. By letter dated July 2, 1999, defendant, UNUM, informed Plaintiff that her claim for LTD benefits were approved as of May 1, 1999.

19. Plaintiff also received notification from the Social Security Administration that she was approved for SSD benefits as of May 1, 1999.

20. By letter dated January 14, 2002, UNUM notified Plaintiff that her disibility benefits had been denied. Specifically, the letter states that "the restrictions and limitations

provided by her doctor are unreasonable" and "...that there is lack of objective evidence that is consistent with impairment from active lupus."

21.  Plaintiff filed a timely appeal with UNUM, and by letter dated June 14, 2002, UNUM upheld its previous denial with respect to Plaintiff's claim for LTD benefits under the LTD Plan.

22.  To date, UNUM has continued to uphold its previous denial of Plaintiff's LTD claim.

23.  ERISA mandates, in relevant part:

> [E]very employee benefit plan shall—
> \* \* \*
> (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

ERISA § 503(2); 29 U.S.C. § 1133(2).

## AS AND FOR PLAINTIFF'S CLAIM: FOR LONG TERM DISABILITY BENEFITS

24.  Plaintiff hereby incorporates by reference the allegations of paragraphs 1 - 23, *supra*, as if fully set forth at length.

25.  Fiduciaries have a statutory obligation, in performing their duties, to act prudently and solely in the interest of plan participants and beneficiaries.

26.  Plaintiff has not been provided with a full and fair review of her claim for benefits under the terms and conditions of the LTD Plan, and in accordance with the provisions of ERISA.

27. The Long Term Disability claim decisions rendered in the instant action have been made by UNUM, who insures the defendant LTD Plan, and as such, cannot render independent or fair decisions because it has a pecuniary interest in the final determination, and thus acts under a conflict of interest.

28. Fiduciaries also have a statutory duty to fairly interpret and construe the terms of the Plan and thereby make decisions in accordance with Plan language.

29. Defendants' decisions were not supported by the medical evidence and moreover, did not correctly apply the language of the LTD Plan.

30. Defendants' decisions in the instant claim were unreasonable, arbitrary and capricious and not supported by the evidence submitted with Plaintiff's claim, or the evidence submitted during the review stages of Plaintiff's claim.

31. Plaintiff is disabled within the terms of the LTD Plan maintained for the benefit of the employees of Thermo Electron Corporation. Plaintiff is entitled to the receipt of monthly Long Term Disability benefits pertaining to her disability from (and including) November 2, 1998, and continuing for the time allowed under the LTD Plan.

**WHEREFORE,** Plaintiff prays for the following relief:

A. That the Court determine and then declare that under the terms of the Plan, that the Plaintiff's total disability continued from (and included) November 2, 1998, within the term of coverage, and that she was and continues to be disabled within the Plan's provisions.

B. That after making such a determination, the Court ORDER the defendant, HARTFORD, to provide all disability benefits to which Plaintiff is entitled under the terms and provisions of said Plan.

C. That the Court award Plaintiff her attorney's fees pursuant to 29 U.S.C. §1132(g), as well as interest, costs, and disbursements.

D. That the Court award Plaintiff such further, necessary, or proper relief as it deems just and equitable in the circumstances.

Dated:   Haverhill, MA
         July 11, 2004

                                        PLAINTIFF
                                        By her attorney,

                                        LAW OFFICE OF
                                        STEPHEN L. RAYMOND, ESQ.

                              By:       _____
                                        Stephen L. Raymond
                                        3 Washington Square, Ste. 206
                                        Haverhill, MA  01830
                                        (978) 372-6590
                                        BBO #567753

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

FILED
CLERK'S OFFICE

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

BERNADETTE RUGGIERO

**DEFENDANTS**   2004 JUL 13  P 12: 58

UNUM LIFE INSURANCE COMPANY
OF AMERICA    U.S. DISTRICT COURT
              DISTRICT OF MASS

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Law Office of Stephen L. Raymond, Esq.
3 Washington Square, Ste. 206
Haverhill, MA  01830
(978) 372-6590

ATTORNEYS (IF KNOWN)

**04 - 11561 RCL**

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury – Product Liability | | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Suit for disability benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: July 11, 2004

SIGNATURE OF ATTORNEY OF RECORD: Stephen L. Raymond, Esq.

**FOR OFFICE USE ONLY**

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2004 JUL 13 P 12: 58

U.S. DISTRICT COURT
DISTRICT OF MASS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY).
   BERNADETTE RUGGIERO v. UNUM LIFE INSURANCE COMPANY OF AMERICA

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   __ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   X  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        *Also complete AO 120 or AO 121
                                                                                 for patent, trademark or copyright cases

   __ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

   __ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

   __ V.   150, 152, 153.

04 - 11561 RCL

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   n/a

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?   YES ☐   NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)   YES ☐   NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?   YES ☐   NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?   YES ☐   NO ☒

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).   YES ☐   NO ☒
   OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)).   YES ☐   NO ☒

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?   YES ☐   NO ☒
   (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?   Eastern

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL SECTION:  YES ☐  NO ☐      OR WESTERN SECTION:  YES ☐  NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    Stephen L. Raymond, Esq
ADDRESS            3 Washington Square, Ste. 206, Haverhill, MA 01830
TELEPHONE NO.      (978) 372-6590

(Categfrm.rev - 3/97)