UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BERNADETTE RUGGIERO,<br><br>Plaintiff<br><br>v.<br><br>UNUM LIFE INSURANCE<br>COMPANY OF AMERICA,<br><br>Defendant | )<br>)<br>)<br>)  Civil No. 04-cv-11561<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER

Defendant Unum Life Insurance Company of America ("Unum") answers Plaintiff's Complaint as follows:

### FIRST DEFENSE

### Jurisdiction and Venue

1. Paragraph 1 of Plaintiff's Complaint states a legal conclusion to which no response is required by Defendant Unum; to the extent a response is required, the allegations are admitted.

2. Defendant Unum denies that this matter is subject to *de novo* review by this Court and admits the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant Unum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint.

{W0289675.1}

4. Paragraph 4 of Plaintiff's Complaint states a legal conclusion to which no response is required by Defendant Unum; to the extent a response is required, the allegations are admitted.

5. Defendant Unum denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

## Nature of Action

6. Defendant Unum admits that Plaintiff seeks a declaration that she is entitled to long-term disability benefits and that this claim arises under ERISA; Defendant denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

## The Parties

7. Defendant Unum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant Unum admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendant Unum admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

## Statement of Facts

10. Defendant Unum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant Unum admits that Plaintiff was an "active full time employee" in and around November 2, 1998 and was insured under the Plan insured and administered by Unum. In response to the remaining allegations contained in Paragraph

11 of Plaintiff's Complaint, Unum states the contents of the subject Plan speak for themselves, and Defendant Unum denies any allegations to the contrary.

12. In response to Paragraph 12 of Plaintiff's Complaint, Defendant Unum states the contents of the subject Plan speak for themselves, and Defendant Unum denies any allegations to the contrary.

13. In response to Paragraph 13 of Plaintiff's Complaint, Defendant Unum states the contents of the subject Plan speak for themselves, and Defendant Unum denies any allegations to the contrary.

14. In response to Paragraph 14 of Plaintiff's Complaint, Defendant Unum states the contents of the subject Plan speak for themselves, and Defendant Unum denies any allegations to the contrary.

15. Defendant Unum admits the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant Unum admits the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant Unum denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. In response to Paragraph 18 of Plaintiff's Complaint, Defendant Unum states that the contents of the letter dated July 2, 1999, speak for themselves, and Defendant Unum denies any allegations to the contrary.

19. Defendant Unum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. In response to Paragraph 20 of Plaintiff's Complaint, Defendant Unum states that the contents of the letter dated January 14, 2002, speak for themselves, and Defendant Unum denies any allegations to the contrary.

21. In response to Paragraph 21 of Plaintiff's Complaint, Defendant Unum states that the contents of the letter dated June 2, 2002, speak for themselves, and Defendant Unum denies any allegations to the contrary.

22. Defendant Unum admits the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant Unum denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

### As and For Plaintiff's Claim for Long Term Disability Benefits

24. Defendant Unum repeats and reasserts its answers to the allegations contained in Paragraphs 1-23 of Plaintiff's Complaint as if set forth in full herein.

25. Paragraph 25 of Plaintiff's Complaint states a legal conclusion to which no response is required by Defendant Unum.

26. Defendant Unum denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendant Unum denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Paragraph 28 of Plaintiff's Complaint states a legal conclusion to which no response is required by Defendant Unum.

29. Defendant Unum denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendant Unum denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendant Unum denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

## SECOND DEFENSE

The Complaint and each and every purported claim for relief therein fail to state a claim for which relief can be granted.

## THIRD DEFENSE

To the extent the Complaint seeks remedies not provided for under ERISA, those remedies are preempted by ERISA. *Pilot Life v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).

## FOURTH DEFENSE

The recovery herein, if any, is limited to the terms, conditions, limitations, exclusions and other provisions of the Policy.

## FIFTH DEFENSE

Defendant Unum has complied with and performed all of its promises, obligations and duties to Plaintiff under the Policy and the handling of the claim for disability benefits under the Policy complied fully with the terms and conditions of ERISA.

## SIXTH DEFENSE

The demand for attorneys' fees should not be granted under ERISA because Defendant Unum's handling of the claim was reasonable and all actions in the handling of said claim were taken in good faith.

## SEVENTH DEFENSE

Each and every act or statement done or made by Defendant Unum and its officers, employees and agents with reference to Plaintiff was a good-faith assertion of Defendant's rights and, therefore, was privileged and/or justified.

### EIGHTH DEFENSE

The Policy contains monthly benefits reductions, including but not limited to reductions for Worker's or Workmen's Compensation awards and Social Security benefits.

### NINTH DEFENSE

Even if Plaintiff is currently disabled and eligible for benefits under the terms of the Policy, which contentions Defendant denies, such determinations do not mean that Plaintiff is entitled to unlimited future benefits under the Policy given, *inter alia*, the possibility of recovery, as well as the effect of different requirements, exclusions and/or limitations thereunder.

### TENTH DEFENSE

Defendant Unum's decisions were neither arbitrary nor capricious.

### ELEVENTH DEFENSE

Plaintiff is not entitled to a jury trial under ERISA.

### REQUESTED RELIEF

Defendant Unum Life Insurance Company of America respectfully requests: (i) that the Court dismiss the claims against Unum with prejudice and that judgment be entered in Unum's favor on such claims; (ii) that Unum be awarded its costs of suit incurred herein, including reasonable attorneys' fees; and (iii) that the Court grant such other relief as is appropriate under the circumstances of this case.

DATED: November 8, 2004

                                                            /s/ Geraldine G. Sanchez
                                                            Geraldine G. Sanchez
                                                           PIERCE ATWOOD LLP
                                                           One Monument Square
                                                           Portland, ME 04101
                                                           (207) 791-1100

                                                           Attorneys for Defendant
                                                           Unum Life Insurance Company of America

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the within Answer to Complaint was served upon counsel for Plaintiff, via overnight mail, addressed as follows:

Stephen L. Raymond, Esq.
3 Washington Square, Suite 206
Haverhill, MA 01830

DATED: November 8, 2004

Geraldine G. Sanchez