UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BERNADETTE RUGGIERO,         )<br>                              )<br>         Plaintiff             )<br>                              )      Civil Action No. 04-11561 RCL<br>    v.                        )<br>                              )<br>UNUM LIFE INSURANCE COMPANY   )<br>OF AMERICA,                   )<br>                              )<br>         Defendant            ) | |

## PLAINTIFF'S MOTION TO STAY (ASSENTED TO)

Plaintiff Bernadette Ruggiero ("Ruggiero") hereby requests that the Court stay this action and states:

**1.  Nature of the Action.**  Ruggiero seeks to recover disability benefits under a group insurance policy issued by Defendant Unum Life Insurance Company of America ("Unum") to Ruggiero's employer pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), specifically 29 U.S.C. §1132(a)(1)(B).

**2.  Procedural Background.**  Ruggiero filed the action on or about July 11, 2004. Unum answered on November 8, 2004.  The Court held a scheduling conference on December 15, 2004, and ordered the Plaintiff to file a motion for judgment on the administrative record on March 25, 2005.  Plaintiff did not move for discovery because, as discussed below, in the interim period Plaintiff received notice that she was eligible to have her claim reassessed under a Regulatory Settlement Agreement (the "RSA") between Unum and the Superintendent of the State of Maine Bureau of Commerce and

{W0320221.2}

Insurance, the Commissioner of the Tennessee Department of Insurance, the Commissioner of the Massachusetts Division of Insurance, the insurance regulators of the remaining states who agreed to the RSA and the United States Department of Labor.

3. **Grounds for Stay.** Ruggiero desires to pursue the non-judicial remedy that was just recently made available to her under the RSA. Under the RSA, Unum agreed to provide a claim reassessment process for an identified class of claimants who seek review of earlier decisions of their claims. Implementation of the RSA was triggered by the approval of at least two-thirds of the states participating in the multi-state examination from which the RSA arose. Massachusetts has approved the RSA. Following the requisite approval, Unum initiated the review process by mailing to the specified claimants a notice that they may resubmit their claim for review by a claim reassessment unit established in accordance with the RSA. Ruggiero received her notice under the RSA on or about December 4, 2003. Ruggiero has elected to submit her claim for review under the RSA.

The RSA offers an entirely optional method for Ruggiero to have her claim reassessed. If the reassessment results in a reversal or other change in the prior decision terminating Ruggiero's claim for benefits, Ruggiero cannot pursue legal action to the extent (and only to the extent) such action is based on any aspect of the prior denial or termination that is reversed or changed. Any applicable statute of limitations shall be tolled during the reassessment process. Because Ruggiero has elected to submit her claim to reassessment, Unum has, in accordance with the terms of the RSA, required that

she take whatever action is necessary to stay this lawsuit pending the reassessment process, subject to Court approval.

Staying the litigation makes practical sense since the reassessment might moot the claims in the lawsuit. Although reassessment under the RSA is not a required administrative remedy, it will return the benefit determination process to the claim administrator, a turn of events the Court will hopefully welcome.

It is estimated that the reassessment process may involve upwards of 200,000 claims. The claims with the oldest denial or termination dates are to be reassessed first. Unum is to use its best efforts to complete the reassessment process by December 31, 2006. At this very early stage of the process, however, it is not possible to tell when Ruggiero's claim might by reassessed. Consequently, simply asking for an extension of the current scheduling deadlines is not practical.

Defendant assents to this motion.

**4.** **<u>Relief Requested</u>.** Ruggiero respectfully requests that the Court stay the action pending completion of the reassessment of her claim under the RSA. Ruggiero suggests that the Court might administratively close the case subject to its being reopened by motion of either party, if necessary, once the reassessment is completed.

{W0320221.2}

Dated: March 22, 2005

\s\ *Stephen L. Raymond*
Stephen L. Raymond, BBO #567753
3 Washington Square, Suite 206
Haverhill, MA  01830
(978) 372-6590

FOR PLAINTIFF
BERNADETTE RUGGIERO

{W0320221.2}

4